**John Paul GOMEZ, Appellant**

v.

**Officer James MARKLEY; Midway Borough Police Department.**

No. 08–3515.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 9, 2010.

Filed: July 1, 2010.

John Paul Gomez, Moon Township, PA, pro se.

Paul D. Krepps, Esq., Stephen J. Poljak, Esq., Danielle M. Vugrinovich, Esq., Marshall, Dennehey, Warner, Coleman & Goggin, Pittsburgh, PA, for Defendants.

Before: SCIRICA, JORDAN, and STAPLETON, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

In this civil rights action, John Paul Gomez, a pro se litigant, appeals from the District Court's order granting the defendants' motion for summary judgment. For the reasons that follow, we will affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

I.

Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts. Gomez appeals from an order granting summary judgment; thus, we construe all facts in the light most favorable to him as the non-moving party. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995).

In the evening of March 26, 2007, Officer James Markley pulled over Gomez's car. Officer Markely informed Gomez that the car did not have the requisite inspection stickers. Gomez provided Officer Markley with his license, registration, and

insurance information. After briefly returning to his patrol car, Officer Markley informed Gomez that his license was suspended and that his registration was expired. Gomez explained why he lacked an inspection sticker and why his registration was expired, and informed Officer Markley that he did not believe his license was suspended because he had not received notice of a suspension. Officer Markley then asked where Gomez lived, and Gomez explained that the address listed on his driver's license was different from his current address because he had, moved and had not yet updated his address at the Department of Motor Vehicles ("DMV").

At this point, Gomez stated that Officer Markley "abruptly" ordered him to exit the vehicle and place his hands on top of the car. Officer Markley then put on gloves and searched Gomez's person. During the search, Officer Markley asked Gomez if he had anything he wanted to disclose before his vehicle was searched. Gomez objected to a search of his car, and Officer Markley responded with cursing. Officer Markley then went back to his patrol car.

When he returned, Officer Markley ordered Gomez out of the car again and asked him to consent to a search of the car. Gomez claimed that he became concerned and nervous about Markley's intentions at this time and refused to consent to a search of his car. Gomez averred that he attempted to call a friend to ask if he would come act as a witness because he was concerned about Officer Markley's behavior. Officer Markley then ordered Gomez not to put his hands in his pockets and threatened to charge anyone who came to assist him with obstruction of justice. After a neighbor walked by, Officer Markley began to search Gomez's vehicle, first looking underneath the driver's seat and the carpet. According to Gomez, Officer Markley made racially charged statements about a recent crime in the neighborhood. Officer Markley then ordered Gomez to step back from the car and searched the glove compartment and the backseat, removing two bottles of Visine eye drops. Officer Markley insinuated he had found drugs in the car, but would not show Gomez what he found, despite Gomez's inquiries. Notably, in an affidavit submitted in support of the defendants' motion for summary judgment, Officer Markley claimed that he had observed a marijuana seed in plain view on the driver's seat.

Next, Gomez stated that he told Officer Markley he was making an audio recording of the traffic stop, and Officer Markley became upset. Officer Markley then informed Gomez that he had to do an inventory of the car. At this point, another officer arrived on the scene. According to Gomez, the search had been ongoing for approximately one hour at this point.

Officer Markley then began searching the car again, and after informing Gomez that his car would be impounded, handed him an inventory form to sign. Gomez signed the form. Gomez stated that the drug and the inventory searches took a total of two hours. The car was towed, and Gomez claimed that the car was damaged by the towing. He received three traffic citations in the mail. Gomez was found guilty of driving an unregistered vehicle and operating a vehicle without a valid inspection, but the Magisterial District Judge dismissed the charges alleging that Gomez had been driving with a suspended license.

## II.

Gomez commenced an action under 42 U.S.C. § 1983, alleging a violation of his Fourth Amendment rights, as well as state law claims for defamation, invasion of privacy, and intentional infliction of emotional

distress (IIED). He named as defendants Officer James Markley and the Midway Borough Police Department. The parties filed cross-motions for summary judgment. The District Court granted the defendants' motion, denied Gomez's motion, and dismissed all claims with prejudice. Gomez timely appealed.

## III.

We have appellate jurisdiction to review the judgment, and our review is plenary. *See* 28 U.S.C. § 1291; *Atkinson v. LaFayette Coll.*, 460 F.3d 447, 451 (3d Cir.2006). Summary judgment is appropriate only if, after the evidence taken as a whole is construed in the light most favorable to the non-moving party, there remains no genuine issue of material fact. *See Prowel v. Wise Bus. Forms, Inc.*, 579 F.3d 285, 286 (3d Cir.2009). To survive a motion for summary judgment, the non-moving party must present "more than a scintilla of evidence showing that there is a genuine issue for trial." *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir.2005).

## IV.

The District Court determined that three searches occurred: (1) when Gomez was removed from his vehicle and searched for weapons; (2) when Officer Markley searched the vehicle for drugs and/or contraband; and (3) when Gomez's car was inventory searched after he was unable to make arrangements for its removal and it had to be taken into police custody. We are concerned here primarily with the second search.[1]

The Fourth Amendment guards against unlawful searches and seizures. The touchstone of Fourth Amendment analysis is "the reasonableness in all the circumstances of the particular governmental invasion of a citizen's personal security." *Terry v. Ohio*, 392 U.S. 1, 19, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Thus, a police officer is permitted to conduct a protective search for weapons to take reasonable steps to ensure his own or others' safety. *Id.* Extending this jurisprudence to automobile searches, if a vehicle is lawfully stopped for a traffic violation, a police officer may order a driver to exit the vehicle. *Pennsylvania v. Mimms*, 434 U.S. 106, 111, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977). If the officer has a reasonable belief based on specific and articulable facts that a suspect may be armed and dangerous, and may gain immediate control of a weapon, the officer may search the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden. *Michigan v. Long*, 463 U.S. 1032, 1049, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983).

If there is probable cause to believe a vehicle contains evidence of criminal activity, an officer may search any area of the vehicle in which evidence might be found. *United States v. Ross*, 456 U.S. 798, 820–21, 824, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); *see also United States v. Burton*, 288 F.3d 91, 100 (3d Cir.2002). Probable cause requires "a fair probability

---

1. We do not understand Gomez to challenge the first search and, for essentially the reasons provided by the District Court, we conclude that summary judgment was properly granted to the defendants with respect to the third search. In addition, Gomez failed to raise any argument in his informal brief regarding the District Court's dismissal of his state law claims or its determination that the Midway Borough Police Department is not a "person" subject to potential liability under 42 U.S.C. § 1983. *See Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir.1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes 'a passing reference to an issue ... will not suffice to bring that issue before this court.' ") (internal citation omitted).

that contraband or evidence of a crime will be found in a particular place," and is based on the "totality of the circumstances" available at the time of the search. *Illinois v. Gates,* 462 U.S. 213, 230, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). "Probable cause exists where the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a reasonable person to believe an offense had been committed." *See United States v. McGlory,* 968 F.2d 309, 342 (3d Cir.1992).

In granting summary judgment, the District Court observed that the following facts were known to Officer Markley when he performed the second search:

1) Gomez was driving an unregistered vehicle without inspection stickers, and he was driving with a suspended license.

2) Gomez provided conflicting information about where he was from and/or where he lived.

3) Gomez exhibited signs of extreme nervousness and kept placing his hands in his pockets.

4) Gomez had bloodshot eyes.

5) There appeared to be a marijuana seed in plain view on the driver's seat of Gomez's car.

Several of these facts are disputed. Gomez asserted that he explained to Officer Markley that his driver's license did not reflect his current address because he had moved and had not updated his address at the DMV. Gomez also denied that he had bloodshot eyes. Most significantly, Gomez denied that there was any marijuana in the car and testified that Officer Markley never informed him that he saw a marijuana seed in the car. Officer Markley did not retain the seed he claims to have seen before he commenced his search.

■ Thus, if we accept the facts in the light most favorable to Gomez, we would consider that Officer Markley reasonably believed that Gomez was operating a vehicle with an expired registration and without inspection stickers and was driving with a suspended license. Furthermore Gomez had explained that the address on his license was outdated. These facts do not support a finding of probable cause to search the car. Even if we were to also accept that, at some point, Gomez began acting nervously, the facts are still not sufficient to support a finding as a matter of law that Officer Markley had probable cause to believe that there were drugs in the car before he commenced his search.

## V.

Accordingly, we will affirm the judgment of the District Court insofar as it rejected Gomez's claims pertaining to the third search. With respect to the District Court's determination that Officer Markley had probable cause to conduct the second search, we will vacate the District Court's decision and remand for further proceedings consistent with this opinion.