**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 11-2074 & 11-2556
_____

JOHN GOMEZ,
                                        Appellant

v.

OFFICER JAMES MARKLEY

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 07-cv-00868)
District Judge:  Honorable Nora Barry Fischer

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 17, 2012

Before:  AMBRO, FISHER and GARTH, Circuit Judges

(Opinion filed August 21, 2012)
_____

OPINION
_____

PER CURIAM

    John Paul Gomez sued James Markley and the Midway Borough Police

Department under 42 U.S.C. § 1983, alleging, among other claims, a violation of his

Fourth Amendment rights during a traffic stop in March 2007.  The District Court

concluded that it appeared that Gomez challenged three searches, one when he was

removed from his vehicle and searched for weapons, one when Markley searched the vehicle for drugs and/or contraband, and one when his car was inventoried when it was taken into police custody. The District Court granted summary judgment in favor of the defendants on all three claims (and also dismissed Gomez's other claims). Gomez appealed. We vacated the judgment against Markley as to the Fourth Amendment claim about the second search, but otherwise affirmed the District Court's decision. Gomez v. Markley, 385 F. App'x 79, 82-3 & n.1 (3d Cir. 2010). On remand, the claim about the second search was tried before a jury, which found that there was no second search and returned a verdict in favor of Markley.

Gomez appeals.[1] His main argument is that the District Court violated our mandate on remand by allowing the parties to try, and the jury to consider, whether the second search had taken place. (He contends that proper question for the jury was whether Markley had probable cause to conduct a second search.) He also challenges some of the District Court's evidentiary rulings and a post-trial decision that a motion for the District Court "to render judgment" was moot. Lastly, he contends that the District Court should have granted his "motion for a new trial and/or judgment not withstanding [sic] the verdict."

---

[1] Gomez first appealed from the judgment entered after the jury verdict (C.A. No. 11-2074). He later filed another appeal (C.A. No. 11-2556) to appeal from a later ruling on post-trial motions (although he also challenged another order relating to the cost of the transcript of his trial, we do not consider it, for we resolved the transcript issue previously, and Gomez no longer pursues the matter, see Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993)). The two appeals have been consolidated for all purposes.

2

We have jurisdiction pursuant to 28 U.S.C. § 1291. Whether the District Court properly interpreted and applied our mandate is a question of law, which, like any other question of law in this case, is subject to plenary review. See Kilbarr Corp. v. Business Sys., 990 F.2d 83, 87-88 (3d Cir. 1993). The District Court's rulings on whether to admit or exclude evidence are reviewed for abuse of discretion (as long as they are based on a permissible interpretation of the Federal Rules of Evidence). Renda v. King, 347 F.3d 550, 553 (3d Cir. 2003). We consider whether a motion for judgment as a matter of law should have been granted under the same standard employed by the District Court; it should have been granted "only if, viewing the evidence in the light most favorable to the nonmoving party, there is no question of material fact for the jury and any verdict other than the one directed would be erroneous under the governing law." See McGreevy v. Stroup, 413 F.3d 359, 364 (3d Cir. 2005). The District Court's ruling on the motion to grant a new trial is reviewed for abuse of discretion (unless the ruling was based on the application of a legal precept). Blancha v. Raymark Indus., 972 F.2d 507, 512 (3d Cir. 1992).

Upon review of our earlier decision and the proceedings on remand, we conclude that the District Court did not violate our mandate. In our earlier opinion, we did say, as Gomez notes, that "[t]he District Court determined that three searches occurred." Gomez, 385 F. App'x at 82. We also described a second search when we stated that, if the facts were viewed in the light most favorable to Gomez, they "are still not sufficient

3

to support a finding as a matter of law that Officer Markley had probable cause to believe that there were drugs in the car before he commenced his search." Id. at 83.

However, the procedural context of our earlier ruling is important. We were considering the case at the summary judgment stage. As we just noted above and as we also noted at the outset of our earlier opinion, we were construing "all facts in the light most favorable to [Gomez] as the non-moving party," Gomez, 385 F. App'x at 80, as the District Court had been obliged to do, too. Through the same lens, the District Court had concluded that there were three searches at issue (although, even at that stage, the District Court expressed doubt about the second search, stating "to the extent it happened . . . [it] amounted to a search for contraband"). District Court Memorandum of July 18, 2008, at p. 15. Accepting that the second search occurred, we held that if all the evidence presented at the summary judgment stage was construed in favor of Gomez, then Markley did not have probable cause to search the car for drugs. However, our ruling did not establish for all purposes and all time that there had been a second search. Our ruling, which vacated the grant of summary judgment on the second search claim, remanded the matter to the District Court for further development of the case. Gomez, 385 F. App'x at 83. The District Court's decision to allow Gomez's claim about a second search to be tried before a jury was entirely appropriate under the circumstances and consistent with our mandate.

We also discern no abuse of discretion in the District Court's challenged rulings on evidentiary issues. We have reviewed each ruling and find a sound basis for each in

4

the record.  For instance, the District Court did not err in precluding Gomez from introducing evidence that was inadmissible hearsay or irrelevant to the issue being tried. Similarly, the District Court committed no error in requiring, variously, and as necessary, authentication, documentation in compliance with the Federal and Local Rules of Civil Procedure, and compliance with disclosure requirements to the opposing party.

Furthermore, we conclude that the District Court did not err when it ruled that a motion for the District Court "to render judgment" was moot.  In February 2011, the jury came to its verdict and the judgment was entered on the docket (subsequently, Gomez engaged in post-trial motions practice).  On April 15, 2011, Gomez filed his motion for the District Court "to render judgment."  On the same day, the District Court denied the motion as moot, as judgment had already been entered.  That ruling was correct.

Lastly, we hold that the District Court properly denied  Gomez's "motion for a new trial and/or judgment not withstanding [sic] the verdict."  As the District Court noted, the motion was untimely filed under Rules 50(b) and 59(b), which set a time-limit of 28 days for the motions allowed under those rules. [2]  Furthermore, Gomez's motion was based largely on his primary argument on appeal, which we considered above. Finally, after considering the trial transcript and the evidence presented in the case, we

---

[2] An additional procedural obstacle to success on the motion for judgment as a matter of law is Gomez's apparent failure to file such a motion at the close of the evidence.  See Brokerage Concepts v. U.S. Healthcare, 140 F.3d 494, 519 (3d Cir. 1998) (explaining that a post-trial motion for judgment as a matter of law under Rule 50(b) of the Federal Rules of Civil Procedure must be preceded by a motion under Rule 50(a)).

conclude that judgment in Gomez's favor as matter of law was not warranted. For these reasons, in this consolidated appeal, we will affirm.